IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DELLA JEAN LOUVIERE, INDIVIDUALLY, AND, ON BEHALF OF THOSE SIMILARLY SITUATED | § § § § § § § § § § § § | C.A. No. _____ |
| Plaintiffs | | |
| VS | | |
| CAT5 RESOURCES, LLC | | COLLECTIVE ACTION |
| Defendant | | |

### PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, DELLA JEAN LOUVIERE, INDIVIDUALLY AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED, and file this Original Collective Action Complaint, complaining of CAT5 Resources, LLC Defendant, and for cause of action would respectfully show this Court as follows:

### I. JURISDICTION AND VENUE

1. The case arises, in part, under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq* (hereinafter "FLSA") for Defendant's violations of the FLSA.

2. This Court has jurisdiction of this case pursuant to Section 16(b) of the FLSA (29 U.S.C. §216(b)), by the provisions of 28 U.S.C. Sections 1331, 1337 and 1367. Additionally, this Court may exercise supplemental jurisdiction over the related state claims for breach of contract, fraud, and conversion.

3.     Plaintiff brings this complaint in the Eastern District of Texas in which she resides and was employed by Defendant.  Defendant maintains it's corporate headquarters in Jefferson County, Eastern District of Texas.  A substantial amount of the acts and/or omissions giving rise to this action occurred in the Eastern District of Texas.

4.     This court has personal jurisdiction over the parties and venue is proper in this district pursuant to 28 U.S.C. Section 1391 (b).

## II.
## PARTIES AND SERVICE

5.     The Plaintiff, DELLA JEAN LOUVIERE ("Louviere") appears in this action both individually, and on behalf of all those current and former employees of Defendant, including those mischaracterized as independent contractors, who are similarly situated to Plaintiff.  (referred to as the Putative Class)

6.     Defendant CAT5 Resources, LLC ("Cat5") is a Domestic Limited Liability Company (LLC) authorized to do business in the State of Texas.  The Defendant may be served with citation by serving its Registered Agent:  **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701**.

7.     Along with the named Plaintiff, the Defendant employed additional similarly situated employees within the last (3) three years in Texas and other States and Territories of the United States, including but not limited to Birmingham, Alabama; Orlando, Florida; and Puerto Rico.

8.     Plaintiff Louviere brings this claim individually and as part of a collective action under the FLSA 29 U.S.C. §216(b) on behalf of those individuals who were non-

exempt hourly workers of Defendant and who were suffered or permitted to work in excess of 40 hours per workweek without payment of overtime wages in compliance with the FLSA. ("Putative Class").  Plaintiff seeks imposition of the 3 year limitations period due to Defendant's conscious disregard of it's obligations under the FLSA.

### III.
### FACTUAL BACKGROUND

9. Defendant is in the business of providing labor and services related to disaster recovery services, and including preparation and planning for disasters that cause interruptions in various industries and utilities – including but not limited to fuel services, electrical services, communications (cell phone providers), transportation and logistics.  Examples of disasters would be hurricanes, tornados, and other weather caused disasters.

10. At all times Defendant maintains a workforce of employees who provide work toward planning/preparing for disasters, responding to disasters, and recovering from disasters.  Plaintiff is among the employees comprising that workforce.  The Putative Class is similarly situated to Plaintiff and includes current and former employees who provide work toward planning/preparing for disasters, responding to disasters, and recovering from disasters.   The work that Plaintiff and the Putative Class perform for Defendant occurs in Texas, Alabama, Florida, Puerto Rico other states.

11. The pay period for nonexempt, hourly workers is either by the week or every two weeks.  Irrespective of the defined pay period, Defendant has failed to pay Plaintiff and the Putative Class overtime wages for all hours worked over forty (40) in a workweek, as required by the FLSA, as well as any corresponding wage laws that

may afford greater protections than the FLSA. Attached hereto are pay records of Plaintiff showing hours worked and hours paid demonstrating Defendant's failure to pay overtime wages for hours worked over 40 at the rate prescribed by the FLSA. *See Exhibit A.*

## IV.
## COLLECTIVE ACTION ALLEGATIONS

12. This action is allowed to be a collective action as to claims for all the overtime hours and overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under the FLSA. In addition to the Named Plaintiff, the Class Members are comprised of many current and former employees of the Defendant who are similarly situated with regards to the wage violations as described above, in that they have been refused proper overtime compensation for work performed for Defendant during the prior three years.

13. The Named Plaintiff's experiences are representative of those of the current and former employees constituting the Class Members, and Named Plaintiff will fairly and adequately represent and protect the interest of the proposed class. Named Plaintiff has no interests opposite to those of the other members of the proposed class. Attached hereto as Exhibit B is the Named Plaintiff's Consent to Join this action. *See Exhibit B.* Plaintiff's attorneys are able and willing to conduct this litigation.

14. The Class Members of similarly situated plaintiffs would be properly defined as:

> All current and former hourly employees of Defendant who worked for Defendant during the (3) three years prior to filing this complaint.

4

15. The class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the office of or on behalf of any judge sitting in the Eastern District of Texas, and any person who become so employed or so work prior to the entry of a Final Judgment in this action.

16. A collective action is the best method for the fair and efficient adjudication of the claims asserted herein, and Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this collective action.

17. This action is allowed to be a collective action as to claims for all the overtime hours and overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FSLA, as many current and former employees of the Defendant are similarly situated with regards to the wage violations as described above, in that they have been refused proper overtime compensation for at least three years prior to the filing of this lawsuit which would constitute the Class Members.

18. The Plaintiff's experiences are representative of those of the current and former employees which constitute the Class Members, and Plaintiff will fairly and adequately represent and protect the interest of the proposed class.  Plaintiff has no interests opposite to those of the other members of the proposed class and Plaintiff's attorney is able and willing to conduct this litigation.

## V.
## CAUSES OF ACTION

### A. Violations of the FLSA

19. The Plaintiff and Class Members incorporate by reference all the

aforementioned allegations contained in the above paragraphs.

20. The Defendant negligently and willfully failed to pay the Plaintiff and Class Members wages for all hours worked over 40 at the compensation rate of one and one-half times their appropriate hourly rate in violation of the FLSA.

21. The Defendant failed to keep adequate records of actual hours worked by the Plaintiff and Class Members, also in violation of the FLSA.

22. The Plaintiff and Class Members are entitled to the unpaid wages and unpaid overtime wages at a rate of one and one-half times their appropriate hourly rates, as well as an additional equal amount as liquidated damages resulting from the Defendants' willful violation of the FLSA.

23. The Plaintiff and Class Members are entitled to imposition of the three year period for Defendant's willful violations of the FLSA.

24. Plaintiff and Class members are further entitled to recover their reasonable attorney's fees, expert fees that the court deems appropriate, pre-judgment and post-judgment interest on all damages, and costs. 29 USC Sections 207, 216(b), 255(a).

    **B.**    **Breach of Contract**

25. Upon information and belief, Defendant entered into agreements with third parties whereby Defendant agreed to comply with laws regulating and governing the payment of wages to the Named Plaintiff and Class members. The intended beneficiaries of said agreements were the Named Plaintiff and Class Members. Defendant breached said agreements by, (1) failing to comply with the FLSA, (2) failing to comply with one or more state laws mandating payment of wages for work performed, (3) failing to pay the Named Plaintiff and Class Members for all work,

services and labor provided to or on behalf of Defendant.

### C. Declaratory Judgment

26. To the extent Defendant relies on written contracts or instruments to attempt to avoid or disclaim it's status as an employer and or it's respective obligations to pay all wages owed under the FLSA, Plaintiff requests a declaratory judgment that any such contractual terms are void, not enforceable, and may not be used to avoid the substantive obligations and mandates of the FLSA as a matter of law. *See Brooklyn Savings Bank v. O'Neill,* 324 U.S. 697, 706-10, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Serrano v. Globe Energy Serv., LLC.,* 2016 LEXIS 188027, C.A. No. 15-CV-00170 *12 (W.D. Tex. March 3, 2016, 2016) ("the same policy considerations which forbid waiver of basic minimum and overtime wages under the [FLSA] also prohibit waiver of the employee's right to liquidated damages.").

27. Separate and in addition to said controlling precedent, as of the filing of this action, any alleged defense to this action that is based on the terms of a purported contract would be void for various grounds, including but not necessarily limited to, failure of consideration, lack of equal bargaining power, and in disregard for the remedial purposes of the FLSA.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For an order certifying this matter as an collective action under the Federal Rules of Civil Procedure, and appoint Plaintiff and her attorneys to represent the class;

b. For an order directing that all collective action members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendant;

c.  For damages for the full amount of the unpaid wages and unpaid overtime wages, as well as an additional equal amount as liquidated damages in accordance with the FLSA;

d.  For imposition of the 3 year limitations period available under the FLSA for Defendant's willful violations of the FLSA, and also imposition of any longer limitations periods afforded by state laws;

e.  For any additional damages, actual, special and incidental, that are recoverable under law as the evidence may show proper;

f.  For reasonable attorney's fees;

g.  For all costs and expenses of these proceedings including expert fees as the Court deems appropriate;

h.  For pre-judgment and post-judgment interest at the highest rates allowable by law; and

i.  For other relief, in law or in equity, as to which Plaintiffs and Class Members are allowed by law.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
Telephone:    (409) 838-1000
Facsimile:    (409) 833-8236


By /s/ Mark Frasher
    John Werner
    State Bar No. 00789720
    jwerner@rmqlawfirm.com
    Mark W. Frasher
    State Bar No. 00798187
    mfrasher@rmqlawfirm.com

Attorneys for Plaintiff


PLAINTIFFS RESPECTFULLY DEMANDS TRIAL BY JURY.